By the Court :
We are of opinion that the common pleas erred in dismissing the complaint.
The first section of the act of February 2, 1824, “ for the maintenance and support of illegitimate children,” provides : “ That on complaint made to any justice of the peace in this State, by any unmarried woman resident therein, who shall hereafter be delivered of a bastard child, or being pregnant with a child which, if born alive, may he a bastard, accusing, on oath or affirmation, any person of being the father of said child, the justice shall take such accusation in writing, and thereupon issue his warrant,” &c.
If. at the time the complaint is made, the child with which the complainant is pregnant, if born alive, may he a bastard, *648 the father of the child may, under the statute, be charged with the maintenance thereof. The subsequent marriage of the complainant cannot relieve the father of the child from this liability, unless, in consequence of such marriage, the child, if born alive, would not be a bastard. That is not the necessary effect of the marriage upon the question of the legitimacy of the child, for it cannot be conclusively presumed that the man who marries a pregnant woman is the father of the child with which she is pregnant. He may not have known that she was in that condition when he married her. And even if he did know it, he may not be the father of the child. It may, therefore, if born alive, be a bastard. Notwithstanding the marriage, the question remained, whether the defendant was the lather of the child or not.
In such cases the public is interested in having that question determined, so that the father of the child, if born alive, may be charged with its maintenance, as provided in the bastardy act, and the public be exempted from that expense.
The order of dismissal must be reversed, and the cause remanded for further proceedings.